UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE M. AGUILERA,<br><br>    Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM,<br><br>    Respondent. | No. 2:19-cv-1615 MCE KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding pro se, with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 11, 2019, respondent filed a motion to dismiss, arguing that petitioner's appeal was pending at the time he filed the instant action, precluding this court's review. On November 5, 2019, respondent re-served the motion on petitioner using the correct inmate identification number. Thirty days have now passed, and petitioner has not filed an opposition to the motion. Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." Id.

The undersigned has reviewed the state court docket and determined that on November 14, 2019,[1] petitioner's appellate counsel filed a brief, and the same day, respondent filed a request

---

[1] Respondent asked the court to take judicial notice of petitioner's appeal in case number C089957 filed in the California Court of Appeal. (ECF No. 10 at 1 n.1.) The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately

1

for affirmance. As of December 9, 2019, no decision has issued on the appeal. Accordingly, respondent's motion to dismiss should be granted because this action is barred under Younger v. Harris, 401 U.S. 37 (1971). As noted by respondent, petitioner's pending state appeal may render his federal constitutional claims moot. See Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983). Moreover, if petitioner intends to pursue any new claim that may be presently pending in the California Court of Appeals, he must raise each new claim in the California Supreme Court before he may present them for federal habeas review.

Accordingly, IT IS HEREBY ORDERED that respondent's request to take judicial notice (ECF No. 10) is granted; and

IT IS RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted; and

2. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

---

and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). The address of the official website of the California state courts is www.courts.ca.gov.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 12, 2019

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/aguil1615.mtd.hc